UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**CASTLE KEY INSURANCE COMPANY
AS SUBROGEE OF JOAN WILKINSON,**

    **Plaintiff,**

**v.**                                                            **CASE NO. 3:14cv230/MCR/CJK**

**ONE WORLD TECHNOLOGIES INC.,**

    **Defendant.**
_____/

## ORDER

Pending before the Court is the parties' stipulated protective order (doc. 12). Having fully reviewed the matter, the Court will approve the stipulation as modified herein.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a court may, for good cause, issue a protective order to protect the parties "from annoyance, embarrassment, oppression, or undue burden or expense," including "requiring a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way" and "requiring that the parties simultaneously file specified documents or information in sealed envelopes" with the court. Fed. R. Civ. P. 26(c)(1)(G), (H). Other privacy protections for personal information specified in Rule 5.2, or additional information specified by the court for good cause, must be made through redactions or the court may order that a filing be made under seal without redaction. *See* Fed. R. Civ. P. 5.2(d),(e). Because the public retains a right of access to documents filed in a court proceeding, the Court will order that a particular document be filed under seal only if authorized by statute or upon a showing of good cause, after balancing the public's right of access against the parties' confidentiality interests.[1] *See generally Romero v. Drummond*, 480 F.3d 1234, 1245 (11th Cir. 2007) (citing *Chicago*

---

[1] The Eleventh Circuit has indicated that discovery material filed for the purpose of obtaining a ruling on a discovery dispute is not subject to either a constitutional or common law right of access. *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (citing *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311-12 (11th Cir. 2001)).

*Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304 (11th Cir. 2001)). This balancing cannot be done in a blanket protective order because the Court must "consider, among other factors, whether allowing access [to a particular document] would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.* at 1246. A confidentiality agreement between the parties, however, is distinct from the issue of whether a particular document may be filed under seal. The parties' agreement to maintain a document as confidential among themselves is "immaterial" to the public's right of access. *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). However, once the parties bring a matter before the Court for resolution, it no longer belongs solely to the parties. *See id.* At that point, "it is the rights of the public, an absent third party, that are at stake" when material is sealed.[2] *Id.*

In consideration of the foregoing, the Court will adopt the parties' stipulated protective order with the following express modifications: (1) By entering the order, the Court does not make any findings regarding the confidentiality of any particular document for purposes of filing it under seal or any "good cause" determination under Rule 26, and (2) no party may file a document under seal except with leave of Court, after first filing an appropriate motion and submitting the document or material to the Court for *in camera* review.

Accordingly, the parties' Stipulation and Protective Order (doc. 12), as modified herein, is approved and adopted as the Order of the Court.

**DONE AND ORDERED on this 3d day of July, 2014.**

　　　　　　　　　　　　　　s/ *M. Casey Rodgers*
　　　　　　　　　　　　　　**M. CASEY RODGERS**
　　　　　　　　　　　　　　**CHIEF UNITED STATES DISTRICT JUDGE**

---

[2] In *Brown*, the Eleventh Circuit applied a "compelling" interest test and required "extraordinary circumstances" to be shown, as opposed to good cause, because in that case, the court was considering whether to seal the entire case. 960 F.2d at 1015-16. The Eleventh Circuit has clarified that this heightened scrutiny is appropriate only in the narrow circumstances where sealing the entire record is at issue. *See Chicago Tribune*, 263 F.3d at 1312.